UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODROW WILSON,

        Petitioner,                         Case Number: 2:12-CV-12274

v.                                          HON. GEORGE CARAM STEEH

DEAN VALENTE, et al.,

        Respondent.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (DKT. 10)**

State inmate Woodrow Wilson filed a *pro se* civil rights complaint alleging that he received ineffective assistance of counsel and was denied his right to due process during the sentencing proceedings for his state court criminal convictions. Plaintiff was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. He named as defendants, Dean Valente, the attorney who represented him in those proceedings, two unknown prosecutors, an unknown court reporter, and unknown courtroom clerk. On September 28, 2012, the Court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief may be granted. Now before the Court is Plaintiff's Motion for Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

-1-

In his complaint, Plaintiff alleged that he received ineffective assistance of counsel and was denied his right to due process during the sentencing proceedings for his state court criminal convictions. He named as defendants, Dean Valente, the attorney who represented him in those proceedings, two unknown prosecutors, an unknown court reporter, and unknown courtroom clerk. The Court dismissed the complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because the claims necessarily challenged the validity of Plaintiff's conviction.

In his motion for reconsideration, Plaintiff argues that because he alleged that his attorney engaged in a conspiracy to deny him his right to a formal sentencing, his claim is not barred by *Heck*. He states that he is no longer serving the sentence he challenges and, therefore, the complaint did not challenge the validity of his continued confinement. Because Plaintiff is no longer "in custody" pursuant to the sentence being challenged, he has no habeas remedy available to challenge the sentencing proceedings. However, the mere unavailability of habeas relief does not excuse the application of *Heck* to § 1983 claims that call into question the validity of a conviction or sentence. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). The complaint challenged the validity of the sentencing proceedings. It was not properly filed under § 1983 and Plaintiff has not shown that dismissal of the complaint was the result of a palpable defect.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration [dkt. #10] is **DENIED**.

Dated: November 8, 2012

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Woodrow Wilson, #145772, Marquette Branch Prison, 1960 U.S. Hwy 41 South, Marquette, MI 49855, on November 8, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk